UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD LEON ROBINSON, | ) |
| Movant, | ) ) ) |
| v. | ) No.  4:11-CV-1371 (CEJ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

### MEMORANDUM

This matter is before the court on the motion of Ronald Leon Robinson to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  The United States has filed a response in opposition.

**I.  Background**

Robinson pled guilty to possessing a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g).  According to the stipulated facts in the plea agreement, Robinson fired two gunshots from inside his mobile home after a police officer knocked on the door and identified himself as an officer.  At sentencing, the court found that Robinson assaulted a person in the course of the offense, knowing or having reasonable cause to believe that the person was a law enforcement officer.  Thus, the court applied a six-level increase to Robinson's base offense level pursuant to USSG § 3A1.2(c)(1)(2008).[1]  Robinson was sentenced to 120 months' imprisonment, which was both the guideline range and the statutory maximum.

---

[1]  According to the guideline, the six-level increase applied "[i]f, in a manner creating a substantial risk of serious bodily injury, the defendant . . . (1) knowing or having reasonable cause to believe that the person was a law enforcement officer, assaulted such officer during the course of the offense . . ."  USSG § 3A1.2(c)(1).

On appeal, Robinson challenged the application of § 3A1.2(c)(1), arguing that there was no evidence to support the court's finding that he knew or had reasonable cause to believe that the person knocking on his door was a police officer. The court of appeals agreed and remanded the case to this court. United States v. Robinson, 608 F.3d 379, 381-82 (8th Cir. 2010). At the second sentencing hearing, the court determined that the evidence presented by the government was not sufficient to support the six-level increase under § 3A1.2(c)(1). Thus, the guideline range for imprisonment was determined to be 77-96 months, based on a total offense level of 22 and a criminal history category of V. Robinson was sentenced to an 84-month term of imprisonment. Robinson again appealed the sentence, but later dismissed his appeal. United States v. Ronald Leon Robinson, No. 4:08-CR-457 (E.D.Mo.)[Doc. # 104].

II. Discussion

Robinson asserts five grounds for relief in his motion. For the reasons discussed below, the court concludes that the grounds asserted are either procedurally barred or lack merit.

### A. Ground One

Robinson's first ground for relief is that he was denied effective assistance of counsel based on his attorney's alleged failure to object to the application of USSG § 2A2.1(a)(1).

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that

counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689.  In order to show prejudice in the context of a guilty plea, the movant must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty, but instead would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Davis, 583 F.3d 1081, 1091 (8th Cir. 2009); United States v. Nesgoda, 559 F.3d 867, 870 (8th Cir. 2009).  The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice.  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

The record shows that defense counsel did object to the application of USSG § 2A2.1(a)(1) prior to the first sentencing. United States v. Ronald Leon Robinson, No. 4:08-CR-457 (E.D.Mo.)[Doc. # 37].  It was unnecessary for defense counsel to object again at the second sentencing hearing, because the court did not apply that provision of the guidelines in determining Robinson's offense level.  Therefore, Robinson's first ground for relief is without merit.

### B.  Ground Two

Robinson's second claim is that his attorney's alleged failure to object to the application of USSG § 2K2.1(b)(6) constituted ineffective assistance.[2] In the plea agreement, Robinson agreed to the application of § 2K2.1(b)(6) if the court determined that he should be sentenced pursuant to § 2K2.1(a).  Additionally, Robinson recommended that the court determine his base offense level to be "14, 20,

---

[2] In relevant part § 2K2.1(b)(6) provides: "If the defendant used or possessed any firearm . . . in connection with another felony offense . . . increase [the base offense level determined under § 2K2.1(a)] by 4 levels."

or 24, depending on the nature of defendant's criminal history , as found in Sentencing Guidelines § 2K2.1(a)." At sentencing, the court determined that Robinson's base offense level was 20 and applied the four-level increase under § 2K2.1(b)(6). Robinson and the government agreed that two levels should be deducted for acceptance of responsibility, resulting in a total offense level of 22. Thus, Robinson was sentenced pursuant to the guidelines he asked the court to apply in his plea agreement. Under these circumstances, Robinson's attorney could not have successfully objected to the application of the guidelines.

Moreover, Robinson testified at the change of plea hearing that he had reviewed the plea agreement, discussed it with his lawyer, and understood its contents. He has not overcome the "strong presumption of verity" attendant to the statements he made under oath in open court. Blackledge v. Allison, 431 U.S. 63, 74 (1977). See also United States v. Harvey, 147 Fed. Appx. 627 (8th Cir. 2005).

### C.  Ground Three

Robinson's third claim is that the court erred in applying USSG § 2A2.1(a)(1) with the cross reference to USSG 2K2.1(c)(1) and 2X1.1. As previously discussed, Robinson's offense level was based on the application of the guidelines he requested--- § 2K2.1(a) and § 2K2.1(b)(6)---not on § 2A2.1(a)(1).

Even if there were a factual basis for Robinson's claim, the claim is procedurally barred and would still fail. Robinson could have raised this claim on direct appeal, but he failed to do so. A motion to vacate is not a substitute for a direct appeal. See Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993); Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing* United States v. Frady, 456 U.S. 152 (1982)].  Absent a showing of cause and prejudice, a movant

cannot assert a claim in a § 2255 proceeding that could have been asserted on appeal. Id. In order to show cause, the movant must establish that "some objective factor external to the defense" impeded his ability to present his claim on appeal. McCleskey v. Zant, 499 U.S. 467, 493 (1991)[quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)]. Ineffective assistance of counsel or a showing of actual innocence may constitute "cause" sufficient to exempt a movant from the procedural bar. Id. at 494. Here, Robinson has neither established ineffective assistance of counsel nor shown actual innocence. Therefore, he cannot establish cause to excuse the procedural default.

### Ground Four

Robinson's fourth claim is that the court violated Rule 32(i)(3) by failing to either rule on disputed matters in the presentence report or determine that no ruling was necessary because the disputed matters would not be considered in sentencing. This is a claim that Robinson could have presented on direct appeal but did not. As such, the claim is procedurally barred. Reid, 976 F.2d at 447. Because Robinson does not show cause and prejudice or actual innocence to excuse the default, the court will not consider the claim here. See McCleskey, 499 U.S. at 494.

### Ground Five

Robinson's final ground for relief is that the court did not adequately explain the reason for the sentence it imposed. Robinson could have raised this issue on direct appeal, but he did not do so. This claim is procedurally barred. The court will not consider it, as Robinson has not made a showing of cause and prejudice or actual innocence. Id.

### III. Conclusion

For the foregoing reasons, the court concludes that motion and the files and records of this case show that Robinson is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Robinson has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order denying the motion will be separately filed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2013.